Good morning, your honors. My name is Eric Weaver. I'm appearing on behalf of defendant James Covert. I intend to reserve two minutes of my time. I think that there's no dispute among the parties that a constitutional Bruton-Aranda error occurred here. Even the appellee concedes that providing the jury with Doreen Covert's statement was an error in the absence of an admonition. So the question. For this court is whether it's true as appellee suggests that there was a procedural default. I think that it's pretty clear that the procedural default that was identified by the California Court of Appeal is not supported by the record. The defendant moved for a severance based on the fact that the co-defendant's statement could not be redacted successfully. The district attorney countered that yes, it could, and proved to the court's satisfaction that it could be redacted satisfactorily. The superior court then denied the motion for a severance, but ordered that the statement be redacted and additionally ordered the district attorney to make sure that her witnesses did not make any mention of the redacted portions of the statement. I don't see how the confrontation error could be more clearly raised. So I think that this court can discount the procedural default identified by the California Court of Appeal. I think the next question which I will concede is a thornier question. Is the district court determined, while accepting the default which I think was improper, the district court determined that when the prosecutor linked Mr. Covert to Ms. Covert's statement, that the procedure that should have been followed by defense counsel at that point was to object and request an admonition. That didn't happen. We argue, I mean, the position that we take, which I think is clear, is that at that point, an admonition would have been futile because the prosecutor had restored the identification of Mr. Covert to Ms. Covert's statement. At that point, it becomes a clear Bruton case. Wait a minute. Let's assume that the prosecutor's statement was an improper one. That is by saying, well, this points damningly to both defendants. But if you look at the statement, not a word in the statement identifies the husband, right? Right. But there are a number of cases which say that the statements that if the prosecutor supplies the missing redacted portion, I would say that saying that this statement is damning to Mr. Covert is, in essence, restoring his name to the statement, saying that he's accused by the statement. But those cases typically talk about a situation in which the redaction takes the form of saying that this identified person and an unidentified person A did such and such. And then something happens during the trial that somehow identifies A with the defendant who's complaining about it. Nothing of that sort took place here, did it? Well, it isn't exactly the same, but I think it's tantamount to the same thing. She said they stuck together like glue. She said this statement is very damning to both defendants, implying that it's an admission as to both defendants, or it's an admission against Mrs. Covert and an accusation against Mr. Covert. I think the jury was obviously affected by that, because they specifically asked for a reread of that statement. So they zeroed in on that. And I think the reason that they zeroed in on that is if you look at the nature of the evidence, in the ‑‑ I think it's very significant in Respondent's Brief at page 54 through 55, when they go through and identify why the evidence links is so overwhelming against Mr. Covert. On each offense, the only way they can link the offense to Mr. Covert is through his wife. His wife stole the Datsun. She put her license plates on the Datsun. They say, well, it was parked in front of the house, and his wife stole it. So that's the link to number one. Unless Ms. Covert is implicating her husband, she committed that offense. The car that's in the warehouse, she says Dave brought it. She says that he wanted it. I took crank in exchange for storing it. There's nothing there linking it to him, unless you link it to Mr. Covert through Mrs. Covert. The gun. The gun is in a toilet kit with women's toiletries in it. Mr. Covert is in the bathroom. If it was his toilet kit, he would have his toilet kit in the bathroom with him. But he didn't. So again, the gun is linked to him. Moreover, the gun is registered to his wife's husband. It's not registered to Covert or reported to be stolen. It's his wife's husband's gun. It's clearly her gun. And the same thing with the IDs. They're also in the toilet kit. So there's no direct link between Mr. Covert and any of this evidence. And I think that's actually why the prosecutor felt compelled to step over the line here, because that was the link between this evidence and Mr. Covert. So the prosecutor mischaracterized the statement that was before the jury, right? She said this statement damns Mr. Covert, which it didn't. And of course, there's nothing in the statement that says a word about Covert. Right. And there's the case Maggio from the Seventh Circuit that says if this prosecutor does make that link, then that converts it from a Richardson case into a Bruton case. And I think that that's what happened here. There's simply no link between Mr. Covert other than that statement. All of this evidence is associated with Mrs. Covert. There's no fingerprints. They don't find any evidence that Covert was ever in the warehouse or the shop. The only thing they have is he's in the bathroom in this house. There's a witness who said she says actually in her statement that although it was his residence for the preceding month he'd been staying with his father who was sick, there was also witnesses who said they'd seen him at his father's house. So there's this tenuous link even to the resident. Although he had been living there in the month preceding the arrest, he was staying with his father. So all of this evidence is linked, is attributable to Mrs. Covert, and it's the statement and converting it from an admission by Mrs. Covert into an inculcating statement against Mr. Covert that I think makes the link. If defense counsel say we invite you, members of the jury, to look at that statement and study it carefully and it says not a whisper about Mr. Covert, the prosecutor's statement that it's damning as to him is just dead wrong. That's a fair question, Your Honor, and I don't recall if he made that argument or not. I would have to look. I didn't find it. Yeah, I don't think he did make that argument. Unless the court has some additional questions, I'd like to reserve the rest of my time for a rebuttal. If that's appropriate, we'll hear from the other side. Good morning. May it please the Court, Maureen Daly, State Deputy Attorney General for the State of California, representing the warden. First of all, we have not at all conceded that this is a Bruton-Aranda error in this case. What I'd like to point out is that my opponent hasn't referenced the AEDPA, and he hasn't really made a convincing argument that the State court ruling was contrary to or an unreasonable application of any Supreme Court precedent, including Richardson. And it didn't apply any rule in those cases that contradicts the governing law set forth in those cases. I'm talking about by applying a procedural default here. There was, in fact, a procedural default, as found by the State court of appeal. The appellant did not object to the form of the redacted statement, did not make any confrontation objection to the admissibility of the redacted statement, did not request a limiting instruction. And so he was — this statement itself was redacted, as Your Honor pointed out, to completely — I asked a question, but go ahead. Okay. To omit any reference to the non-testifying co-defendant, the appellant in this case. As such, it was admissible under Richardson, but only with a limiting instruction. The fact that no objection was made allowed — did not allow the trial court, no confrontation objection was made, did not allow the trial court to address the defect and give the limiting instruction and make a ruling as to whether or not that evidence was admissible. So the State court of appeal clearly did not apply any — did not apply any ruling of the United States Supreme Court in any contrary manner. And under the AEDPA, there just clearly has to be a procedural default here. And the prosecutor's argument, I think, is probably the most interesting part of this case. The appellant argues that the argument of the prosecutor converted this statement into brutal error. Well, there are really two ways to address this. The first would be by bringing it up as prosecutorial misconduct. That would be the appropriate way to raise that issue. But this issue was not presented to the State's highest court, the issue of prosecutorial misconduct, the way the prosecutor argued this case. It's not an exhausted issue. In fact, the State and the district court, neither court addressed that issue. And the district court specifically declined to address the issue of prosecutorial misconduct because it wasn't raised in that court. That's in footnote 2 of the F&Rs. It wasn't raised in which court? The State court or the Federal district court. Or the district court. I'm sorry. Or the district court. Or the district court, correct. So really, that should be the end of the end of the prosecutor's argument on this. If the second way to address this error, this issue, would be under Bruton or Richardson. But there's no clearly established United States Supreme Court precedent resolving that question. So under the AEDPA, appellant can't prevail. Neither Bruton nor Richardson addressed the issue of counsel's argument about a redacted statement. Both cases dealt with the admissibility of the evidence itself. Richardson saying that the redacted statement was admissible with a limiting instruction. So Richardson really doesn't dictate the result that the appellant seeks. And there's no clearly established Supreme Court precedent addressing the issue of counsel's argument about a redacted statement. So appellant really is seeking to expand on Richardson, but that's where he runs afoul of the AEDPA. It cannot be said that the State court arrived at a decision that was contrary to or any unreasonable application of any clearly established United States Supreme Court precedent. Thirdly, even if the issue were to be addressed, and we submit that it should not be, there wasn't any Bruton error because the prosecutor, in arguing this issue, here, as in Richardson, the statement itself, again, was only incriminating as to Mrs. Covert. Under Richardson, the jury was entitled to link that the evidence of that statement to the other properly admitted evidence at the trial. And the prosecutor, in making her argument, did not – and this, I think, is the crucial distinction with the Bruton type of cases. The prosecutor did not insert any inadmissible information into the redacted statement. She did not draw in before the jury anything that wasn't already before them. She argued that the statement of the co-defendant was damning to both defendants. That was a conclusion that was clearly evident on the evidence before the jury. The reason is these defendants lived together. They both told the police they lived together in that converted garage bedroom at the Milldale Circle address. They both had their bed there and this shaving kit at the head of the bed, which had, by the way, indicia of the appellant's own ownership inside, in addition to the stolen credit cards from Ms. D'Elise. The defendant's – the appellant's Kaiser card, his Visa card, and an altered identification card with the appellant's picture was also found in that same shaving case. So to say that this was just hers or to say that, you know, constructive possession has to be exclusive is certainly not true. Constructive possession can be joint. And the gun and the stolen credit cards found in that bag, clearly, by the evidence in that bag, the defendant's knowledge and possession could be inferred. So you're telling us the statement could be used and was used against the other defendant? Your Honor, I'm saying that the prosecutor's argument to the jury was correct in that – in that case. And I think that's an important distinction. But what does it mean, it's damning against both defendants? What she did, Your Honor, and what we contend she did, is that she – she used here, as in Richardson, she – all she did was use the statement in a way to link the statement to the other admissible evidence at the trial. She said both defendants. Yes, Your Honor. So she was using the statement against both defendants. That's because the fact – but she didn't insert into the statement, in Maggio, for example, the case that my opponent cites, the prosecutor said there are three defendants on trial. The prosecutor – and there's a redacted statement. The prosecutor said, well, as the person who made the statement said, all three of these guys were present there. Well, that had – that was redacted information that was reinserted into the statement by the prosecutor. That just didn't happen here. This – this argument was within the wide latitude granted to prosecutors by both State and Federal courts because the fact that Mrs. Covert said, I stole a car and I parked it at the Milldale Circle address, and then the fact that our appellant was found there naked, taking a shower, and had a key to the other place where she said there might be cars parked, that was just a legitimate inference from the statement of the co-defendant that she stole the cars. That was completely proper under Richardson, and the Richardson case itself says that when a redacted statement is admitted, the jury is entitled to use it to link it to another admissible evidence. Jurors are told all the time that mere presence at the scene of a crime is not – does not establish guilt. Isn't that so? That's correct, Your Honor. But there was certainly more than that in this case. This defendant was present taking a bath at the scene. Well, I understand what the – what the inferences might be, but that's somewhat different, is it not, from the prosecutor saying that the admissions by Mrs. Covert are damning to both defendants. Well, Your Honor, again, this particular issue was not exhausted. Well, I understand your arguments on that. It's not proper before the Court, and it would be an expansion of Richardson or Brewton to find that this was an improper argument in the context of a habeas corpus action. About the readback, I think somebody asked, I can't recall who, did the – did the defense attorney talk about the readback? And on page 337 of the reporter's transcript, the appellant's counsel did argue that if they had Mrs. Covert's statement read back, they would see that it implicated only her and not the appellant. And, you know, I think also the fact that they read – they wanted a statement read back that only implicated the co-defendant where there are two people on trial, I don't think you can really draw any strong inference from that. In summary, you know, a lot of admonitions were given to the jury in terms of – and no limiting instruction granted, but in terms of deciding the cases separately against both defendants, the fact that the prosecutor's argument, the arguments of counsel were not evidence and that needed to follow the instruction of the Court. And in view of those admonitions, the fact that the statement itself was not facially incriminating and the brief and really cumulative reference to the appellant by the prosecutor, something the jury certainly would have come to on their own based on the evidence before them, that the introduction of Mrs. Covert's statement without limiting instruction certainly could not have had a substantial and injurious effect on the – on the verdict. So the finding of the district court certainly should be upheld. Again, the fact that – I think we covered this, but the fact that the toilet kit had some evidence – some items in it belonging to maybe a woman, and I say maybe because, as it was pointed out at trial by one attorney, men do use lipstick and these things, doesn't mean that that was solely her case. It was at the head of their community, their own bed, and it had Mr. Covert's Visa card, his Kaiser card, and his altered identification card in the same bag. Unless the Court has any further questions, I'm prepared to submit.  Thank you, Your Honor. With respect to the first argument, that the finding of procedural default is not contrary to, the law is clear that a default that's not supported – an asserted default that's not supported by the record is not a basis for finding procedural default.  The Court of Appeal found that he did not object to the redacted statement, but at the point that the judge denied the severance motion, ordered the redaction, and admonished the district attorney not to allow any of the witnesses to refer to the redacted portions, there's nothing to object to. If this case had gone all the way to the end without the improper comments, and the position of waiver, but the district attorney's arguments overtook that by converting it into a Bruton case. But then they say that it's really a question of non-exhaustion. Right. What they're saying is that if there had been an objection, that's basically what the district court found, that he didn't object to the comments and request an admonition. The problem is that notwithstanding all the other instructions that my opponent identified, Bruton clearly says we don't care about all those instructions. If the statement directly implicates the defendant, those instructions don't save it, and it's error to admit it. Richardson carves out a small exception. I understand that. I'm trying to figure out what really is – it seems like you're talking past each other on this question of procedural default. Because the statement was redacted, then there wasn't an objection to it. And then the comments on it, there wasn't an objection to. But that wasn't raised in the State court, correct? There's two points. At the point that – Judge McKeown, correct? Yes, I am answering the question. There's two points. At the first point, there's no redaction. Once the redaction is done, he can't object because there's no basis to object. That's what I said. That's point one. Point two is when they make the improper arguments, it's true that he didn't object. But the only remedy that's available for a prosecutorial misconduct would be an admonition. But Bruton says an admonition is not effective. So it would have been futile to object because there wasn't an available remedy. But what was the – how was that raised in the State court? In the State court, it was raised, excuse me, in the way that's raised here, that at the moment the statement was made by the prosecutor, it converted it into a Bruton error for which there was no remedy. You made that in the State court? You made that in the State court? That was raised in the briefs in the court of appeal, yes. On the question of whether this argument is an extension that's not warranted by either Richardson or Bruton, the very last paragraph of Richardson says, we think that if it's excised, et cetera, that's possible. But then it says, in the present case, however, the prosecutor sought to undo the effect of the limiting instruction by urging the jury to use Williams' confession in evaluating Respondent's case. On remand, the court should consider whether in light of the failure to object, this error can serve as a basis for granting a writ of habeas corpus. So it is error. Richardson itself says it's error if the prosecutor resupplies the redacted information. Our position is there's no – that Richardson is a 1987 case. There's no case that I was able to find since 1987 of Richardson, and I'm sure my opponent would have found it if it exists too, that says when you have Bruton error, a request for an admonition will cure that error. And so an objection at that point would have been futile because there wasn't a trial. I suppose that – I suppose there could have been a motion for a mistrial. Of course. I mean, if you're right, the trial's dead on the – dead in the water. Nobody made any objection that way either. That's right. I mean – Go back to the exhaustion versus procedural default. Okay. The State Court of Appeals doesn't treat this as a question of whether the prosecution's comment on it was the error as opposed to the initial admission of it and how it was doctored up or redacted. Are you saying that if we look at the State Court of Appeals briefs, that it was argued as a prosecution error, or was it argued as a confrontation error? It was argued as a confrontation error in the briefs of the Court of Appeals. And the court said because it wasn't objected to at the time the trial court made its initial ruling, therefore it was waived. Is that what the Court of Appeals said? Exactly. We said that the confrontation error occurred in the prosecutor's comments, which, by the way, in response to your question, the comments that were identified by counsel were in the closing argument of the defense counsel. The respondent – the arguments that we're complaining about were in the rebuttal. Rebuttal. That was their response to the argument that this was a harmless – that this statement didn't implicate him. So they responded by saying, oh, yes, it does. It damns him. So the Court of Appeals never got to that part of the trial. The Court of Appeals said once the trial court redacted the statement, you needed to object to it on confrontation grounds at that point. Our answer to that question was is that once it was redacted in accordance with the trial court's order, there was nothing to object to because it complied with Richardson at that point. So in that sense, all of these other waivers don't go to the procedural default that was found by the Court of Appeals. The Court of Appeals found – the California Court of Appeals found that the default occurred at the very outset of trial, during the motions in limine when they didn't object to the statement. Are the Court of Appeals briefs in our record? They are in the expanded record. They're not in the excerpt of record. I'd be happy to supply them to the court. Do you have them with you?  But I could mail them to you this afternoon. They're in the expanded record because they were lodged by the respondent in the district court. In the record, but not in the excerpt of record. Pardon me? But not in the excerpt of record. They're not in the excerpt of record, but they are in the full record because they were lodged by the Attorney General. It appears that maybe the Attorney General's office does have the state. I have our briefs, and I'm happy to provide these. That probably won't help as well, perhaps, to see if they fit. I just explicitly raised it, although it might implicate it. You only have your briefs, not their briefs? All right. Well, counsel, why don't you file those with the court as soon as you can? I will. I'll file them this afternoon, Your Honor. So that we can see what's in them. Okay, great. Trust, but verify. That's great. I agree with that, by the way. Thank you, Your Honor. Thank you. The case has already been submitted. We'll take a ten-minute recess before hearing the remaining two cases on the calendar. Thank you. Thank you.
judges: Trott, McKeown, Shadur